IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. HOLCOMB,<br><br>            Plaintiff,<br><br>    vs.<br><br>R. FLEEMAN, et al.,<br><br>            Defendants._____/ | CASE NO. CV-F-06-0704 AWI DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S REQUESTS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>[Docs. 17] |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On November 7, 2006, plaintiff filed a motion seeking a court order requiring the Law Librarian at Corcoran State Prison "A" Yard to grant him "Preferred Legal User" status for the duration of this lawsuit which would allow him to have more access to the law library.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the

1  merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits,
2  or questions serious enough to require litigation." Id.

3  With respect to law library access, a preliminary injunction does not serve the purpose of
4  ensuring that plaintiff is able to litigate this action effectively or efficiently. A federal court is a court
5  of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the
6  court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88
7  (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter
8  in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). The issuance of the orders
9  sought by plaintiff in his motions would not remedy any of the claims alleged in this action.
10 Accordingly, the court lacks jurisdiction to issue such orders.

11 Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
12 preliminary injunctive relief, filed November 7, 2006, be DENIED.

13 These Findings and Recommendations will be submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days
15 after being served with these Findings and Recommendations, plaintiff may file written objections with
16 the court. The document should be captioned "Objections to Magistrate Judge's Findings and
17 Recommendations." Plaintiff is advised that failure to file objections within the specified time may
18 waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20 IT IS SO ORDERED.

21 **Dated:   November 9, 2006**              **/s/ Dennis L. Beck**
   3b142a                                     UNITED STATES MAGISTRATE JUDGE