# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| R. A. HOLCOMB, | CASE NO. 1:06-cv-00704-AWI-DLB PC |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST |
| v. | |
| FLEEMAN, et al., | |
| Defendants. | (Doc. 33) |

I.  Findings and Recommendations Addressing Defendants' Motion to Dismiss

    A.  Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint filed on September 1, 2006, against defendant Fleeman for use of excessive force.  On April 3, 2007, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendant Holcomb filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies.  After obtaining an extension of time, plaintiff filed an opposition to the motion on July 16, 2007.

    B.  Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney

v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

  C. Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007).  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Defendants argue that they are entitled to dismissal because plaintiff did not exhaust his administrative remedies prior to filing this action.  In support of their motion, defendants submit evidence that on May 9, 2006, plaintiff submitted grievance Log No. CSP Corcoran 06-1891 alleging that defendant Fleeman and other officers used excessive force during a cell extraction.  Doc. 33,

Grannis Dec. ¶ 4, attach. 1. The grievance was partially granted at the second level on July 28, 2006 to the extent an investigation into his allegations was conducted. *Id.* However, plaintiff was told that the result of the investigation would not be shared and that a request for administrative action against staff or the placement of documentation in the staff member's personnel file was beyond the scope of the grievance process. *Id.* Plaintiff was informed that he could pursue the issues through the Director's level. *Id.* Plaintiff appealed the decision to the second level on August 30, 2006 and it was denied as untimely on October 21, 2006. *Id.*

On May 10, 2006, plaintiff submitted an inmate grievance, Log. No. CSP Corcoran -06-02178, claiming he had herniated discs in his back and pain which was exacerbated during the May 3, 2006 cell extraction. Doc. 33, Grannis Dec. ¶ 4, attach. 1. Plaintiff requested that he be kept in the hospital and not further injured by staff. *Id.* Review was bypasssed at the informal level and denied at the first level on July 18, 2006. *Id.* Plaintiff did not ask for second level review but did ask for Director's level review that was received on August 28, 2006 and denied because plaintiff had not followed the grievance procedures. *Id.*

Defendant argues this action should be dismissed because at the time this action was filed on June 6, 2006, neither of his grievances had been exhausted. In addition, defendants argue plaintiff failed to obtain Director's level review of either grievance because he failed to follow the applicable procedural rules.

In his opposition, plaintiff argues that as of May 24, 2007, all administrative remedies have been exhausted. Plaintiff contends that there was delay by prison staff in returning his appeals which led to the denial of Log. No. CSP COR 06-1891 at the second level as untimely. Plaintiff alleges that he resubmitted the appeal to the second level and it was denied at the Director's level on May 24, 2007.

Plaintiff's concession that he did not obtain a Director's level decision until May 24, 2007, after this suit was filed is fatal to his action. Plaintiff filed his original complaint on June 6, 2006, less than 30 days after he submitted his inmate grievance. Given the inmate grievance process within CDCR, plaintiff's grievance could not have been exhausted through the Director's level prior to plaintiff filing the complaint, notwithstanding any delay that might have occurred on the part of

prison staff. Prisoners are required to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201. Plaintiff's failure to do so requires dismissal of this action.

### D.  Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that defendants' unenumerated Rule 12(b) motion, filed April 3, 2007, be GRANTED and this action be dismissed, without prejudice, based on plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 30, 2007**            /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE